[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14557
Non-Argument Calendar

_____

Agency No. A200-938-217

EBER RONY RODAS DE LEON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 20, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Eber Rony Rodas de Leon ("Rodas de Leon") seeks review of the Board of

Immigration Appeals' ("BIA") denial of his motion to reopen his removal

proceedings so that he could apply for withholding of removal under the

Immigration and Nationality Act ("INA") and relief under the Convention Against Torture ("CAT").  Rodas de Leon argues that the BIA abused its discretion when it denied his motion to reopen on the ground that he failed to establish his prima facie eligibility for either form of relief.  After thorough review, we deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).  Our review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  Id. (quotations omitted).  "Generally, [m]otions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States."  Id. (quotations omitted).

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  8 U.S.C. § 1229a(c)(7)(B); Verano-Velasco v. U.S. Att'y Gen., 456 F.3d 1372, 1376 (11th Cir. 2006).  Motions to reopen may be granted if there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing.  See 8 C.F.R. § 1003.2(c)(1). To make such a showing, the alien bears a heavy burden, and must present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ

2

were reopened, with all attendant delays, the new evidence offered would likely change the result in the case.  Ali, 443 F.3d at 813.  The BIA may deny a motion to reopen if the alien fails to establish a prima facie case.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

To be eligible for withholding of removal under the INA, an alien must show that his "life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3).  The alien has the burden of proof, and must show that he or she would more likely than not be persecuted if returned to the country of removal.  Id.; D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004).  The alien must also show that the persecution will be "because of" one of the five protected grounds.  Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004); see also 8 U.S.C. § 1158(b)(1)(B)(i) (noting, in asylum context, that applicant must establish that a protected ground "was or will be at least one central reason for persecuting the applicant").  Evidence of private violence, or that a person would be the victim of criminal activity, does not constitute evidence of persecution on account of a statutorily protected ground. Cendejas Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1310 (11th Cir. 2013).  A "particular social group" denotes a group of persons "who share a common, immutable characteristic that the members of the group either cannot change, or

3

should not be required to change because it is fundamental to their individual identities or consciences," and that group cannot be "too numerous or inchoate." Id. (quotations omitted).  An applicant must show either that he would be singled out for persecution, or that there is a pattern or practice of persecuting a group of similarly situated persons on account of a protected ground and that the applicant is so identified with that group that it is more likely than not that his life or freedom would be threatened if he or she returned.  8 C.F.R. § 208.16(b)(2)(i), (ii).

To be eligible for CAT relief, the applicant must "establish that it is more likely than not that he [] would be tortured if removed to the proposed country of removal."  Id. § 208.16(c)(2).  "Torture" is

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him [] or a third person information or a confession, punishing him[] for an act he [] or a third person has committed or is suspected of having committed, or intimidating or coercing him [] or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

Id. § 208.18(a)(1).  Thus, to obtain CAT relief, the applicant must demonstrate that torture would be inflicted by the government or with the government's consent or acquiescence.  Sanchez, 392 F.3d at 438.

Here, the BIA did not abuse its discretion in denying Rodas de Leon's motion to reopen based on its conclusion that he failed to establish prima facie

4

eligibility for withholding of removal, or CAT relief.  For starters, it was not arbitrary or capricious for the BIA to conclude that Rodas de Leon did not show a probability of being persecuted on account of a protected ground, since he only provided general country-wide evidence of rampant crime, and being a crime victim is not persecution on account of a protected ground.  Cendejas Rodriguez, 735 F.3d at 1310.  He also provided no evidence that his purported social group is viewed as a distinct group in Guatemala, that criminals sought to harm members of that group because of their group membership, or that he would be singled out for persecution.  Similarly, the BIA did not abuse its discretion in concluding that Rodas de Leon did not make a prima facie showing of eligibility for CAT relief, because he provided no evidence that he was likely to be tortured or that the government of Guatemala would acquiesce to that torture.  Accordingly, we deny Rodas de Leon's petition.

**PETITION DENIED.**